UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HARTFORD FIRE INSURANCE COMPANY,

    Plaintiff

v.

BEAZER HOMES, LLC f/k/a BEAZER HOMES CORP., and DELACRUZ DRYWALL PLASTERING & STUCCO, INC.,

CASE NO:

    Defendants.

**COMPLAINT FOR DECLARATORY RELIEF**

Hartford Fire Insurance Company ("Hartford"), for its Complaint against defendants Beazer Homes, LLC f/k/a Beazer Homes Corp. ("Beazer"), and Delacruz Drywall Plastering & Stucco, Inc. ("Delacruz"), alleges as follows:

**NATURE OF ACTION**

1. This is an action for declaratory relief under 28 U.S.C. § 2201 to establish the parties' rights and obligations with respect to claims asserted by Beazer and Delacruz under insurance policies issued by Hartford.

2. Delacruz performed certain construction work for Beazer in connection with the construction of housing developments throughout Central Florida. Beginning in or about 2014, Beazer allegedly began to receive complaints regarding the quality of construction of the houses from certain homeowners (collectively, the "Homeowner Complaints"). In response to the Homeowner Complaints, Beazer agreed to pay to repair alleged construction defects in dozens of homes.

3.  Beazer subsequently commenced thirteen separate actions against a number of its subcontractors to recover amounts Beazer paid to remedy alleged construction defects. Beazer named Delacruz, one of its exterior stucco subcontractors, as a defendant in four of those actions (the "Underlying Actions").

4.  Delacruz tendered the four Underlying Actions to Hartford for coverage. Hartford agreed to defend Delacruz against all four of the Underlying Actions under insurance policies Hartford issued to Delacruz, subject to a complete reservation of rights.

5.  Beazer also has sought or, upon information and belief, will seek coverage for the Homeowners Complaints under the Hartford policies as an alleged additional insured.

6.  The Hartford policies, subject to their terms, conditions, limits and exclusions, provide coverage only for third-party property damage that takes place during the policies' respective policy periods. The end date of the last Hartford policy was February 23, 2007. Upon information and belief, the Homeowner Complaints at issue in the Underlying Actions all involve alleged property damage to individual homes that occurred after February 23, 2007. Accordingly, the Hartford policies do not cover the Homeowner Complaints, in whole or in part.

7.  Moreover, the Hartford policies also do not afford coverage for damage to Dealcruz's work (here, the stucco it installed) or for damage caused by fungi, including but not limited to mold, and a significant portion of Beazer's alleged damages relate to its replacement of Delacruz's stucco or mold remediation.

8.  Hartford now seeks: (1) a declaration regarding Hartford and Delacruz's respective rights and obligations under the insurance policies issued by Hartford; and (2) a declaration that Hartford is not obligated to indemnify Beazer as an additional insured under the Hartford policies for the Homeowner Complaints.

9. Actual controversies exist among the parties necessitating declarations regarding the parties' rights and obligations for the Underlying Actions.

## JURISDICTION AND VENUE

10. Jurisdiction exists under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of attorneys' fees, interest, and costs.

11. Venue is proper in this district because a substantial part of the events giving rise to the claim occurred in this district. 28 U.S.C. § 1391(a)(2). The residential construction projects at which Beazer and Delacruz performed work that are the subject of the Underlying Actions and Homeowner Complaints are located in this district.

## THE PARTIES

12. Hartford is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

13. Upon information and belief, Beazer is either a Tennessee or Delaware limited liability company with a principal place of business in Georgia. Beazer is wholly owned by Beazer Homes Holdings, LLC, a Delaware entity with a principal place of business in Georgia. Beazer Homes Holdings, LLC is wholly owned by Beazer Homes USA, Inc., a Delaware entity with a principal place of business in Georgia. At all relevant times, Beazer transacted business in, and was authorized to transact business in Florida.

14. Delacruz is a Florida corporation with its principal place of business in Lee County, Florida.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Underlying Actions**

15. Beazer is a general contractor.

16. Beezer hired Delacruz as a subcontractor to perform certain stucco work on homes in four single-family home residential communities developed and built by Beazer in Florida. Those communities are commonly known as: Colony Trace in Fort Myers, Florida ("Colony Trace"), Preserve at Gladiolus in Fort Myers, Florida ("Gladiolus"), Magnolia in Fort Myers, Florida (a/k/a Magnolia Lakes, "Magnolia") and Heatherwood in Cape Coral, Florida (a/k/a Heatherwood Lakes, "Heatherwood").

17. Beazer and Delacruz executed a single Construction Agreement, dated September 2, 2005, for the work Delacruz was to perform at the four residential communities.

18. Many years after the homes were completed, certain residents began to assert claims against Beazer for various construction defects or deficiencies that allegedly permitted water intrusion and subsequent property damage. In response to these complaints, Beazer agreed to repair the alleged defects. It then subsequently sought to recover the costs for those repairs from Beazer's subcontractors, including Delacruz.

19. Beazer commenced an action against Delacruz and others asserting claims regarding Colony Trace, captioned *Beazer Homes Corp. v. Delacruz Drywall Plastering & Stucco, Inc., et al.,* Case No.: 2015-CA-000339, in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida (the "Colony Trace Action").

20. In the operative Third Amended Complaint in the Colony Trace Action, Beazer asserts claims against Delacruz for breach of contract, contractual indemnity, negligence, common law indemnity, and violation of the Florida Building Code pursuant to Fla. Stat. 553.84.

21. Beazer commenced an action against Delacruz and others asserting claims regarding Gladiolus, captioned *Beazer Homes Corp. v. Delacruz Drywall Plastering & Stucco, Inc., et al.*, Case No. 2015-CA-00342, in the Circuit Court of the Twentieth Judicial Circuit in

and for Lee County Circuit Court, Civil Division (the "Gladiolus Action").

22. In the operative Fifth Amended Complaint in the Gladiolus Action, Beazer asserts claims against Delacruz for breach of contract, contractual indemnity, negligence, common law indemnity, and violation of the Florida Building Code pursuant to Fla. Stat. 553.84.

23. Beazer commenced an action against Delacruz and others asserting claims regarding Heatherwood, captioned *Beazer Homes Corp. v. Delacruz Drywall Plastering & Stucco, Inc., et al.*, Case No. 2015-CA-00340, in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County Circuit Court, Civil Division (the "Heatherwood Action").

24. In the operative Fourth Amended Complaint in the Heatherwood Action, Beazer asserts claims against Delacruz for breach of contract, contractual indemnity, negligence, common law indemnity, and violation of the Florida Building Code pursuant to Fla. Stat. 553.84.

25. Beazer commenced an action against Delacruz and others asserting claims regarding Magnolia, captioned *Beazer Homes Corp. v. Delacruz Drywall Plastering & Stucco, Inc., et al.*, Case No. 2015-CA-00341, in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County Circuit Court, Civil Division (the "Magnolia Action").

26. In the operative Fifth Amended Complaint in the Magnolia Action, Beazer asserts claims against Delacruz for breach of contract, contractual indemnity, negligence, common law indemnity, and violation of the Florida Building Code pursuant to Fla. Stat. 553.84.

B. **The Hartford Policies**

27. Hartford issued the following primary liability insurance policies to Delacruz (collectively, the "Hartford Policies"):

| Policy Number | Policy Period |
|---|---|
| 21 UEN TS1027 | 1/1/2004 - 1/1/2005 |

| 21 UEN TS1027 | 1/1/2005 - 1/1/2006 |
| --- | --- |
| 21 UEN TS1027 | 1/1/2006 - 2/23/2007 |

28. Each of the Hartford Policies provides $1,000,000 in coverage per occurrence, with an aggregate limit of $2,000,000, subject to a $1,000 per occurrence deductible.

29. The Hartford Policies potentially provide coverage for third-party property damage that occurs during the policy period:

SECTION 1- COVERAGES
COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply….

    b. This insurance applies to "bodily injury" and "property damage" only if:

        (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        (2) The "bodily injury" or "property damage" occurs during the policy period…

30. "Property damage" is defined as:

    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

31. "Occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

32. "Suit" is defined as:

A civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged.

"Suit" includes:

a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

33. The Hartford Policies do not provide coverage for the repair or replacement of incorrectly performed work. Among other things, the Hartford Policies state that coverage is not afforded for "property damage" to:

> (6) That particular part of any property:
>
> > (a) on which you or any contractor or subcontractor working directly or indirectly on your behalf are performing operations, if the property damage arises out of those operations; or
> >
> > (b) that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

34. The Hartford Policies exclude coverage for:

> "Property Damage" to that particular part of "your work" out of which damage arises and included in the "products-completed operations hazard."

35. The Hartford Policies define "Your work" as:

> (1) Work or operations performed by you or on your behalf; and
>
> (2) Materials, parts or equipment furnished in connection with such work or operations.

36. The Hartford Policies do not provide coverage for claims arising out of or related to the presence of mold, fungi or bacteria:

EXCLUSION - FUNGI, BACTERIA AND VIRUSES

This insurance does not apply to:

1. Injury or damage arising out of or related to the presence of, suspected presence of, or exposure to:

    a. Fungi, including but not limited to mold, mildew, and yeast:
    b. Bacteria;
    c. Viruses; or
    d. Dust, spores, odors, particulates or byproducts, including but not limited to mycotoxins and endotoxins, resulting from any of the organisms listed in a., b., or c. above;

    from any source whatsoever.

2. Any loss, cost or expense arising out of the testing for, monitoring of, cleaning up of, removal of, containment of, treatment of, detoxification of, neutralization of, remediation of, disposal of, or any other response to or assessment of, the effects of any of the items in 1.a., b., c. or d. above, from any source whatsoever.

However, this exclusion does not apply to "bodily injury" or "property damage" caused by the ingestion of food.

37. Policy 21 UEN TS1027 (1/1/2006 - 2/232007) (the "2006-2007 Policy") contains an endorsement providing limited coverage for "Beazer Homes, 13100 Westlinks Dr, Fort Myers, FL 33913." The endorsement provides:

A. Section II -- Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

    1. Your acts or omissions; or
    2. The acts or omissions of those acting on your behalf;

    in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

B. With respect to the insurance afforded to these additional insureds, the

following additional exclusions apply:

This insurance does not apply to "bodily injury" or "property damage" occurring after:

1. All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or

2. That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

38. The location of covered operations set forth in the endorsement is 322 Gunnery Rd South Unit C, Lehigh Acres, FL 33971.

39. The Hartford Policies for policy periods 1/1/2004 - 1/1/2005 and 1/1/2005-1/1/2006 do not contain endorsements listing Beazer Homes or Beazer Homes Corp. as an additional insured.

40. The Hartford Policies contain other terms, limitations, definitions, conditions, and exclusions, which may limit or preclude coverage.

**COUNT I – DECLARATION REGARDING HARTFORD AND DELACRUZ'S RIGHTS AND OBLIGATIONS UNDER THE HARTFORD POLICIES**

41. Hartford repeats and realleges paragraphs 1-4, 6-36, and 40 as if fully set forth herein.

42. Delacruz has tendered the Underlying Actions to Hartford for coverage, and has demanded that Hartford indemnify Delacruz against the claims set forth in the complaints in the Underlying Actions.

43. Hartford seeks a declaration regarding the extent of its obligations, if any, under the Hartford Policies to indemnify Delacruz for any judgment or settlement of the claims set

forth in the complaints in the Underlying Actions. Among other things, Hartford seeks a declaration that:

 A. Hartford has no obligation to pay Delacruz for sums Delacruz becomes legally obligated to pay as damages because of property damage that does not occur during the policy periods of the Hartford Policies.

 B. To the extent any of the claims asserted against Delacruz in the Underlying Actions involve property damage both within and outside the policy periods of the Hartford Policies, Hartford seeks a declaration that it is only obligated to pay its pro rata share of any amounts for which Delacruz is liable, measured by the portion of time for which the Hartford Policies provide coverage compared to the entire period during which damages occurred.

 C. Hartford's obligation to indemnify Delacruz for any judgment or settlement of the Underlying Actions is limited by each policy's applicable limit of liability.

 D. Hartford has no obligation to indemnify Delacruz against claims arising out of or related to the presence or suspected presence of, or exposure to mold or mildew.

 E. Hartford has no obligation to indemnify Delacruz against claims for damages that do not constitute "property damage" as defined in the Hartford Policies.

 F. Hartford has no obligation to indemnify Delacruz against claims for damages caused by the repair or replacement of Delacruz's allegedly defective work.

**COUNT II – DECLARATION THAT HARTFORD HAS NO OBLIGATION TO PROVIDE ADDITIONAL INSURED COVERAGE TO BEAZER**

 44. Hartford repeats and realleges Paragraphs 1-3, 5-18, and 27-40 as if fully set forth herein.

45. Beazer has demanded or, upon information and belief, will demand that Hartford indemnify Beazer for the costs it incurred in connection with the Homeowner Complaints as an additional insured under the Hartford Policies.

46. Hartford seeks a judicial declaration that Beazer is not an additional insured under the Hartford Policies for the Homeowner Complaints and accordingly, Hartford has no obligation to indemnify Beazer against the Homeowner Complaints.

## REQUESTED RELIEF

**WHEREFORE,** Hartford respectfully requests this Court:

a. Take jurisdiction and adjudicate the rights of the parties under the Hartford Policies;

b. Enter judgment declaring whether and to what extent Hartford has an obligation to indemnify Delacruz for the claims asserted against Delacruz in the Underlying Actions;

c. Enter judgment declaring that Hartford has no obligation to indemnify Beazer against the Homeowner Complaints;

d. Award Hartford all costs it incurred to prosecute this action; and

e. Grant such other and further relief that this Court deems equitable, just, and proper.

## JURY DEMAND

Hartford demands trial by jury of all factual causes of action raised by this Complaint.

July 2, 2019                              Respectfully submitted,

/s/ Alison P. Baker
Alison P. Baker (Fla. Bar No. 114041)
James P. Ruggeri (*pro hac vice* application forthcoming)
Edward B. Parks, II (*pro hac vice* application forthcoming)

                Shipman & Goodwin LLP
                1875 K Street NW, Suite 600
                Washington DC 20006
                Phone: 202-469-7750
                Fax: 202-469-7751
                abaker@goodwin.com
                jruggeri@goodwin.com
                eparks@goodwin.com

*Counsel for plaintiff Hartford Fire Insurance Company*