UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HARTFORD FIRE INSURANCE
COMPANY,

    Plaintiff,

v.                                      Case No.: 2:19-cv-454-FtM-38MRM

BEAZER HOMES, LLC and
DELACRUZ DRYWALL
PLASTERING & STUCCO, INC.,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiff Hartford Fire Insurance Company's Motion for Default Judgment Against Defendant Delacruz Drywall Plastering & Stucco, Inc. (Doc. 22). Delacruz failed to respond. Also here is Defendant Beazer Homes, LLC's Motion to Dismiss and Hartford's response in opposition. (Docs. 27; 32). These matters are ripe for review. But the case is not, so the Court dismisses without prejudice.

## **BACKGROUND**

This is an insurance coverage conflict. Years ago, Hartford issued insurance policies to Delacruz. (Doc. 22 at 7). Beazer (a general contractor) hired Delacruz (a

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

subcontractor) to do stucco work at new housing developments. (Doc. 22 at 10). The subsequent homeowners brought suits against Beazer for construction defects related to the stucco. (Doc. 22 at 10). Beazer paid for repairs. (Doc. 22 at 10). Then, Beazer sued Delacruz in state court for its work (the "Underlying Suits"). (Doc. 22 at 10-11). In turn, Delacruz tendered the Underlying Suits to Hartford who is defending under a reservation of rights. (Doc. 22 at 11). Some nonbinding arbitration awards issued in the Underlying Suits, but none are resolved or even set for trial. (Docs. 22 at 11-12, 15; 27 at 2).

Hartford brought this case under the Declaratory Judgment Act, seeking declarations on its duty to indemnify Delacruz and Beazer in the Underlying Suits. (Doc. 1 at 1, 9-11). Hartford moves for default judgment against Delacruz, arguing that this case is ripe for review. (Doc. 22 at 13-19). Conversely, Beazer moves to dismiss, saying the case is unripe. (Doc. 27 at 4).

## LEGAL STANDARD

The Act permits federal courts in "a case of actual controversy" to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Courts have no duty to declare those rights. *Ameritas Variable Life Ins. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005). And a "case of actual controversy" referenced in the Act refers to justiciable cases under Article III. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

The ripeness doctrine "protects federal courts from engaging in speculation or wasting their resources through the review of potential or abstract disputes." *Digital Properties, Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997). Further, it "seeks to avoid entangling courts in the hazards of premature adjudication." *Id.* (citation

omitted). Ultimately, ripeness "goes to whether the district court ha[s] subject matter jurisdiction to hear the case." *Id.* at 591 (citation omitted). To determine ripeness, courts look at two factors: (1) "the fitness of the issues for judicial decision" and (2) "the hardship to the parties of withholding court consideration." *Carver Middle Sch. Gay-Straight All. v. Sch. Bd. of Lake Cty., Fla.*, 842 F.3d 1324, 1329 (11th Cir. 2016) (citation omitted).

## DISCUSSION

Recently, the Court held that a similar declaratory judgment action—filed by a different insurance company over the same Underlying Suits—was not ripe. *Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.* ("*MCC I*"), 341 F. Supp. 3d 1289, 1292 (M.D. Fla. 2018). The Eleventh Circuit affirmed. *Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.* ("*MCC II*"), 766 F. App'x 768, 772 (11th Cir. 2019). Hartford argues this case is different because it seeks "more limited declarations" on its "potential coverage obligations" and prudential considerations warrant entering judgment. (Doc. 22 at 1-2). The Court disagrees.

Like this Court, many district courts routinely hold "an insurer's duty to indemnify is not ripe for adjudication unless and until the insured or putative insured has been held liable in the underlying action." *E.g.*, *MCC I*, 341 F. Supp. 3d at 1292 (citation omitted) (collecting cases). The Eleventh Circuit agreed that an insurer's duty to indemnify is not ripe "until the underlying lawsuit is resolved." *MCC II*, 766 F. App'x at 770.

Here, Hartford seeks several specific declarations on its rights and obligations to Delacruz and Beazer over the claims arising from the construction defects. Yet these declarations are unripe for consideration just like the declarations in *MCC II*.

As to Delacruz, Hartford argues this case differs from *MCC II* because Hartford is seeking declarations on the "extent of its coverage obligations," not its "ultimate duty to indemnify." (Doc. 22 at 16). This is a curious statement considering the requested relief: "Enter judgment declaring whether and to what extent Hartford has an obligation to indemnify Delacruz." (Doc. 1 at 11). Wordplay aside, Hartford is mistaken. Those "coverage obligations" for which it seeks clarification are its duty to indemnify, albeit in specific terms. (Docs. 1 at 9-11; 22 at 19 (seeking several declarations on the duty to indemnify Delacruz)). And the Underlying Suits are still unresolved. While Hartford noted arbitrations occurred, those were nonbinding and have not established Delacruz's liability. Nor does Hartford identify any real hardship that would result from withholding a decision. To the extent Hartford even tries to make that showing, it says a decision could "bring the parties closer to settlement" in state court. (Doc. 22 at 18). That is not a hardship.[2] So like *MCC II*, this case is unripe for Delacruz. 766 F. App'x at 770 (Insurer's "duty to indemnify Delacruz is not ripe for adjudication until the underlying lawsuit is resolved.").

For Beazer, Hartford's requested declaration on its duty to indemnify suffers the same fate. Beazer is on slightly different footing than Delacruz because Beazer already incurred the costs of repairing the homes. (Doc. 32 at 4). And Hartford contends Beazer sought or will seek indemnification as an additional insured under Delacruz's insurance policy with Hartford.[3] (Doc. 1 at 2). Regardless, the principle reaffirmed in *MCC II* applies

---

[2] Hartford argues this "useful purpose" is relevant to the ripeness question. (Doc. 22 at 18 (citing *First Mercury Ins. v. Excellent Computing Distribs., Inc.*, 648 F. App'x 861 (11th Cir. 2016)). But that is an abstention factor. And *MCC II* specifically explained why the Court need not consider those abstention factors. 766 F. App'x at 770 n.1.

[3] Whether Beazer ever sought indemnification from Hartford is unclear. While the Complaint clarifies Delacruz demanded coverage, it says Beazer "sought or, upon information and belief, will seek coverage." (Doc. 1 at 2).

4

with equal force because indemnification hinges on liability in the Underlying Suits. Beazer sued Delacruz, not Hartford. And if Beazer wins, there might be no need to determine whether it is an additional insured. Hartford also failed to identify any hardship in the absence of this declaration. So this matter is unripe. *MCC II*, 766 F. App'x at 770; *Nationwide Ins. Co. of Am. v. Fla. Realty One, Inc.*, No. 2:19-cv-563-FtM-38MRM, 2019 WL 5423339, at *1-2 (M.D. Fla. Oct. 23, 2019).

In part, Hartford relies on *Am. Ins. v. Evercare Co.*, 430 F. App'x 795 (11th Cir. 2011), but it is readily distinguishable. There, a case and controversy existed because the underlying action settled and the insured demanded indemnification. *Id.* at 797-99. So the insured was already liable in the underlying case and demanded indemnification for its liability. *Id.* Here, the Underlying Suits are unresolved. The declarations thus are hypothetical questions. *MCC II*, 766 F. App'x 770-71 ("[I]t is not the function of a United States District Court to sit in judgment on these nice and intriguing questions which today may readily be imagined, but may never in fact come to pass." (citation omitted)).

This case is unripe, just like it was for the last insurance company. *Id.* Thus, the Court dismisses without prejudice.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion for Default Judgment (Doc. 22) is **DENIED**.

2. Defendant Beazer Homes, LLC's Motion to Dismiss (Doc. 27) is **GRANTED**.

3. The Complaint (Doc. 1) is **DISMISSED without prejudice**.

5

4. The Clerk is **DIRECTED** to enter judgment, terminate all pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 29th day of October, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record